UNITED STATES DISTRICT COURT

CHARLESTON DIVISION

| | |
|---|---|
| MARK FITZHENRY,<br><br>    Plaintiff,<br><br>v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC, AND JOHN DOES, whose True identity is unknown,<br><br>    Defendant. | ) Case No.: 2:16-CV-438-DCN-BM<br>)<br>)   ECF Case<br>)<br>)  **RECEIVABLES PERFORMANCE**<br>)  **MANAGEMENT, LLC NOTICE OF**<br>)  **REMOVAL**<br>)<br>)<br>) |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendant Receivables Performance Management, LLC (hereinafter referred to as "RPM") respectfully submits this Notice of Removal in this civil action from the Charleston County Magistrate Court to the United States District Court for the District of South Carolina, pursuant to 28 U.S.C. §§ 1441 and 1446, based on federal question jurisdiction. Specifically, Plaintiff asserts a claim for damages against Defendants arising out of alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. 227 *et seq*. ("TCPA").

In support of this Notice of Removal, RPM, through its counsel, states as follows:

**PROCEDURAL BACKGROUND**

1. On December 23, 2015, Plaintiff commenced this action by filing a Verified Complaint in the Charleston County Magistrate Court captioned as *Mark Fitzhenry v. Receivables Performance Management, LLC and John Doe* Case No. 2015cv1010601156 (the "State Court Action"). *See* Complaint, attached hereto as Ex. A  Plaintiff filed an Amended Complaint on January 13, 2016. *See* Amended Complaint, attached hereto as Ex. B

2. RPM was served via registered agent on January 13, 2016 and January 19, 2016.

3. Upon information and belief, Defendant John Doe has not been properly joined and served and need not consent to this removal petition. 28 U.S.C. §1446(a)(2)(A)

1

4. Pursuant to 28 U.S.C. § 1446(b), RPM is filing this Notice of Removal in a timely manner within thirty (30) days of service of the Summons and Verified Complaint.

5. The Complaint alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. 227 *et seq.*

## BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

6. Under 28 U.S.C. § 1441(a), any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

7. Further, 28 U.S.C. § 1441(b) provides that any civil action for which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

8. The Telephone Consumer Protection Act, a federal statute, was enacted by Congress, *inter alia*, to protect private citizens from interstate telemarketers who had previously escaped state law prohibitions on intrusive nuisance calls. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 181 L. Ed. 2d 881 (U.S. 2012).

9. In *Mims*, the United States Supreme Court ruled that federal question jurisdiction exists over TCPA claims. *Mims*, 132 S. Ct. at 747 ("We now hold that Congress did not deprive federal courts of federal question jurisdiction over private TCPA suits.").

10. This Court has federal question jurisdiction over this action under the provisions of 28 U.S.C. § 1331, and the matter is removable pursuant to 28 U.S.C. § 1441 because the Complaint alleges that Defendants called and harassed Plaintiff on his cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C. §227(b)(1)(A)(iii). *See* Complaint, ¶¶ 4, 31, 32, and 34.

11. Accordingly, this action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b).

## TIMELINESS OF REMOVAL

12. As noted above, the Complaint was served on RPM on January 13, 2016 and the Amended Complaint was served on RPM on January 19, 2016. RPM's Notice of Removal is timely because RPM filed this Notice "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## VENUE

13. Venue is proper in this district and division because the State Court Action was filed and is pending in the Charleston County Magistrate Court, which is located within the United States District Court for the District of South Carolina.

## COMPLIANCE WITH REMOVAL PROCEDURES

14. RPM has complied with all of the procedural requirements for removal set forth in 28 U.S.C. § 1446. As noted above, the Notice of Removal is filed within 30 days of the service of the pleading from which it may first be ascertained that the case is one which is or has become removable.

15. Pursuant to § 1446(d), a copy of this Notice of Removal, including exhibits, is being served on Plaintiff.

16. Contemporaneously with the filing of this Notice of Removal, RPM is filing a Notice of Filing Notice of Removal with the Clerk of the Magistrate's Court for Charleston County, South Carolina, with a copy provided to Plaintiff, as required under 28 U.S.C. § 1446(d).

WHEREFORE, for the foregoing reasons, RPM removes this action from Charleston County Magistrate Court to the United States District Court for the District of South Carolina and respectfully requests that this Court exercise jurisdiction over this action.

Dated:  February 11, 2016                    GORDON & REES LLP

                By: *s/ Peter G. Siachos*
                  Peter G. Siachos
                  Federal Bar No. 7591
                  Elizabeth F. Bailey
                  Federal Bar No. 8079
                  GORDON & REES LLP
                  4000 Faber Place Drive, Suite 300
                  Charleston, SC 29405
                  Phone: (843) 278-5900
                  Facsimile: (973) 377-1911
                  psiachos@gordonrees.com
                  ebailey@gordonrees.com

                  *Attorneys for Receivables Performance Management, LLC*