# EXHIBIT A

| STATE OF SOUTH CAROLINA | ) | <u>2015CV1010601156</u> |
|---|---|---|
| | ) | CIVIL CASE NUMBER |
| COUNTY OF CHARLESTON | ) | |
| | ) | IN THE MAGISTRATE'S COURT |
| | ) | |
| | ) | SUMMONS |

Mark Fitzhenry
10 Brigadier Drive
Charleston, SC 29407
(843) 209-0278

**PLAINTIFF(S)**

Vs

Receivables Performance
Management, LLC

COPY RECEIVED

JAN 12 2016

~~SMOLING, KETTER~~
SHEPPARD & PURDY, LLP

**AGENT**

Andrew Shafer

999 3rd Avenue, Ste. 2525
Seattle, WA 98104

**DEFENDANT(S)**

### TO THE DEFENDANT(S) NAMED ABOVE:

**YOU ARE SUMMONED** and required to Answer the allegations and present any appropriate

Counterclaims/Crossclaims to the attached Complaint/Counterclaim within THIRTY days from the first

day after receipt of this Summons. Your Answer must be received by the:

**Charleston County**
**Small Claims - City**
**995 Morrison Drive  P. O. Box 941**
**Charleston, SC 29403**
**Phone: (843) 724-6720 Fax: (843) 724-6785**

If you fail to Answer within the prescribed time, a Judgment by Default will be rendered against you for

the amount or other remedy requested in the attached Complaint, plus interest and costs. **If you desire a**

**jury trial, you must request one within five (5) business days before the date of trial.** If no jury trial

is timely requested, the matter will be heard and decided by the Judge.

# READ ATTACHED INSTRUCTIONS CAREFULLY

December 23, 2015

MV 38

## IN THE CHARLESTON COUNTY SMALL CLAIMS COURT

MARK FITZHENRY, individually,

        Plaintiff

vs.

RECEIVABLES PERFORMANCE
MANAGEMENT LLC, AND JOHN DOE, whose
true identity is unknown,

        Defendant.

Case No. 2015CV1010060 1156

VERIFIED COMPLAINT

**ADDRESS FOR REGISTERED AGENT FOR DEFENDANT RECEIVABLES PERFORMANCE MANAGEMENT LLC,:**

Mr. Andrew Shafer
999 3rd Avenue, Ste. 2525
Seattle, WA 98104 4032

FILED IN CHARLESTON COUNTY

DEC 2 3 2015

CITY SMALL CLAIMS COURT

**ADDRESS FOR DEFENDANT JOHN DOE:**

Unknown.

### PLAINTIFF'S COMPLAINT

#### Preliminary Statement

The Plaintiff Mark Fitzhenry ("Plaintiff") individually, alleges on personal knowledge

and on information and belief as follows:

#### NATURE OF ACTION

1.    During October and November, 2015, Defendant RECIEVABLES

PERFORMANCE MANAGEMENT LLC, (hereinafter, "RPM") and/or JOHN DOE, or others

acting on behalf of Defendants, initiated a series of calls to Plaintiff's cellular telephone line

using an automatic telephone dialing system and/or prerecorded message without having first obtained for themselves Plaintiff's prior express written consent.

2.      The calls were initiated with an automatic telephone dialing system to a cellular telephone line subscribed to by the Plaintiff, (843) 209-0278.

3.      The alleged call(s) violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA") and the FCC's regulations prohibiting such call(s) at 47 CFR 64.1200(a)(1)(iii).

4.      This case involves a scheme by Defendants RPM, to market their services by calling, or causing JOHN DOE to call the Plaintiff's cellular telephone line with an automatic telephone dialing system and/or to deliver a prerecorded or artificial voice messages through the use of an automatic telephone dialing system without having first obtained the Plaintiff's prior express written consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.

5.      Plaintiff brings this action for statutory damages and injunctive relief under the TCPA, all arising from the illegal actions of the Defendants.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction.  The Plaintiff is entitled to up to $1,500.00 in statutory or trebled damages for each call that has violated the TCPA.

7.      This Court has personal jurisdiction over Defendants RPM and/or JOHN DOE as they have engaged in a joint venture designed to solicit consumers in the state of South Carolina and, as such, Defendants have established minimum contacts showing they purposefully availed themselves to the resources and protection of the State of South Carolina.

8.      This Court has personal jurisdiction over RPM and/or JOHN DOE because the conduct at issue in this case occurred in South Carolina, through the making of call(s) to a

cellular telephone using an automatic telephone dialing system and/or the delivery of text message(s), and, thus, constitutes the conduct of business in this State.

## PARTIES

9.    Plaintiff Mark Fitzhenry is, and at all times mentioned herein was, an individual citizen of the State of South Carolina.

10.    Defendant RECIEVABLES PERFORMANCE MANAGEMENT LLC, is registered as Washington state limited liability company.

11.    The Defendants initiated or caused others to initiate to his cell phone, FIVE (5) or more calls made by an automatic telephone dialing system.

12.    Upon receiving the calls complained of herein, the Plaintiff did not know who was calling his cell phone or the purpose of the calls.

13.    The calls did not include clear, proper identification and the Plaintiff tried to positively identify the source of the calls.

14.    Defendant RPM is a seller of goods or services that call(s), or caused others such as JOHN DOE to call on their behalf, South Carolina telephone consumers with automatic telephone dialing systems and/or text messages without having first obtained prior express written consent from the called party.

15.    Defendant RPM failed to adequately and effectively police and/or monitor their own telemarketing efforts or practices or the telemarketing efforts or practices of a third party telemarketer such as JOHN DOE.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
## (TCPA), 47 U.S.C. § 227

16.    On January 4, 2008, the FCC released a Declaratory Ruling wherein it affirmed that "a company on whose behalf a telephone solicitation is made bears the responsibility for any

violations." *Id.* (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. 227(b)).

17.    The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears responsibility for any violations." *See* FCC Declaratory Ruling, Memorandum and Order, 10 FCC Rcd. 12391, 12397 (¶ 13) (1995).

18.    RPM and/or JOHN DOE, made the autodialed and/or text message call(s) described herein "on behalf of" Defendants within the meaning of the 2008 FCC Declaratory Ruling and subsequent rulings.

19.    Defendant RPM is legally responsible for policing and/or monitoring their own telemarketing efforts or those of a third party telemarketer such as JOHN DOE and ensuring that they complied with the TCPA, even if one of the named Defendants did not make the call(s).

## FACTUAL ALLEGATIONS RELATING TO THE DEFENDANTS' CALLS TO PLAINTIFF'S CELL PHONE

20.    Plaintiff Fitzhenry is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

21.    On October 19, 2015 at approximately 9:33 AM, the Plaintiff received a call to his cellular telephone, (843) 209-0278, using an automatic telephone dialing system without the calling party first having obtained his prior express written consent.

22.    On October 21, 2015 at approximately 9:51 AM, the Plaintiff received call to his cellular telephone, (843) 209-0278, using an automatic telephone dialing system without the calling party first having obtained his prior express written consent.

23.     On October 23, 2015 at approximately 9:46 AM, the Plaintiff received call to his cellular telephone, (843) 209-0278, using an automatic telephone dialing system without the calling party first having obtained his prior express written consent.

24.     On October 27, 2015 at approximately 9:55 AM, the Plaintiff received a call to his cellular telephone, (843) 209-0278, using an automatic telephone dialing system without the calling party first having obtained his prior express written consent.

25.     On October 31, 2015 at approximately 1:56 PM, the Plaintiff received a call to his cellular telephone, (843) 209-0278, using an automatic telephone dialing system without the calling party first having obtained his prior express written consent.

26.     Plaintiff did not provide prior express written consent to Defendant RPM, or any other entity or affiliate of Defendant RPM, to initiate the phone call(s) made through the use of an automatic telephone dialing system to initiate a call(s) his cellular telephone line.

### The Defendants' Marketing Scheme

27.     RPM or JOHN DOE make or caused other third party telemarketer(s), to deliver automatically dialed calls, prerecorded or artificial voice messages, and/or text message(s) to Plaintiff's cellular telephone line for Defendants' benefit and/or on Defendants' behalf.

28.     In the call(s) complained of herein, Defendants, or a third party acting on behalf of and for the benefit of Defendants, initiated text message(s) and or call(s) using an automatic telephone dialing system to Plaintiff's cellular telephone line.

## CAUSES OF ACTION

## FIRST COUNT

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 *ET SEQ.*

29.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

30.     Defendants did initiate, or cause to be initiated, FIVE call(s) to the Plaintiff's cellular telephone line, using an artificial voice or prerecorded message and/or automatic telephone dialing system without first obtaining Plaintiff's prior express consent, violating 47 CFR § 64.1200 (a)(1)(iii) .

31.     The foregoing acts and omissions of the Defendants constitute FIVE violation of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

32.     As a result of the Defendants' violations of 47 U.S.C. § 227 (b)(1)(A)(iii), Plaintiff is entitled to an award of $500 in statutory damages for FIVE call(s) in violation of the statute, pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

## KNOWING AND/OR WILLFUL VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

33.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

34.     The foregoing acts and omissions of the Defendants constitute FIVE knowing and/or willful violation of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

35.    As a result of the Defendants' FIVE knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to the FCC's regulations at 47 U.S.C. § 227(b)(1)(A)(iii).

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff the following relief against the Defendants:

A.    Injunctive relief prohibiting such violations of the TCPA by the Defendants in the future;

B.    As a result of Defendants' statutory violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff seek for themselves $500 in statutory damages for each and every call that violated the TCPA, to be paid jointly and severally by the Defendants as a whole;

C.    As a result of the Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b), Plaintiff seeks treble damages, as provided by statute, of up to $1,500 for each and every call that violated the TCPA, to be paid jointly and severally by the Defendant;

D.    Such other relief as the Court deems just and proper.

Respectfully Submitted,
The 23rd day of December, 2015

Mark Fitzhenry
Plaintiff, *Pro se*
10 Brigadier Drive
Charleston, SC 29407

## VERIFICATION

The undersigned states and swears that all the foregoing allegations are true and correct to the best of his knowledge and belief.

Mark Fitzhenry

Subscribed and sworn before me by Mark Fitzhenry on this the 23rd day of December, 2015.

Notary Public for South Carolina
My commission expires on 12/8/2018

- 8 -

IN THE CHARLESTON COUNTY MAGISTRATE'S COURT

INSTRUCTIONS FOR DEFENDANT

If you do not wish to oppose the plaintiff's claim you may:

Contact the plaintiff and make an out-of-court settlement with the plaintiff before the trial date and file with the magistrate court a dismissal of the case signed by the plaintiff, or

Make no answer to the complaint. In that case, the plaintiff will be given a default judgment against you in the amount specified in the complaint.

If you wish to oppose the claim:

a. You must file an answer with the magistrate's court within 30 days after the date of service. If you fail to answer within that time period, you lose your right to defend the case and the plaintiff will be given a default judgment against you in the amount specified in the complaint. Your answer may be made in writing in a form approved by the magistrate within the time limit specified in the summons.

b. If you answer within the specified time, you will be notified of the time and date of trial. You must maintain a correct mailing address with the Court and you must appear for trial. Should you fail to appear, you lose your right to defend the case and the plaintiff will be given a default judgment against you in the amount specified in the complaint.

c. At the time of trial you must bring with you all books, papers, witnesses, and evidence you have to establish your defense.

d. At your request the court will issue a subpoena for any witness you may need (You must request the subpoena as soon as possible and before the trial date). IF THE SUBPOENA MUST BE SERVED BY A DEPUTY, THERE IS AN ADDITIONAL $8.00 FEE THAT MUST BE PAID TO THE COURT FOR SERVICE OF THE SUBPOENA.

If you desire a jury trial, you must request one within FIVE (5) working days before the date set for trial. If no jury trial is timely requested, the matter will be heard and decided by the magistrate.

If you have a claim against the plaintiff that grows out of the same transaction or occurrence as the plaintiff's claim, you may file a Counterclaim. The Counterclaim must be filed with the magistrate within the time limits specified in the summons for answering. The Counterclaim must be made in writing in a form approved by the magistrate. Your Counterclaim will be tried at the same time as the Plaintiff's claim if it does not exceed the jurisdiction of the magistrate to hear. If the Counterclaim exceeds the magistrate's jurisdiction, the entire matter will be transferred to the Circuit Court.

If you have a claim against the plaintiff that does not grow out of the same occurrence or transaction as the plaintiff's claim, you may file a claim (complaint) against the plaintiff. This claim would be heard separate and apart from the plaintiff's claim against you.

If you are a member of the Armed Service of the United States, please advise the court upon the receipt of this summons.

If you are under 18 years of age, please advise the court upon receipt of this summons.

If you are a prisoner in any municipal, county, state, or federal prison, please advise the court upon receipt of this summons.

You may be represented by an attorney, but are not required to have one. The magistrate's court will explain the procedure of the court and will help you prepare papers related to your action if you require such assistance. The Court cannot, however, represent you, provide you with an attorney or give you any legal advice.

If you are a business and are going to be represented by a Non-Lawyer, a Non-Lawyer Authorization Form must be included with your Answer/Counterclaim. (See 33-1-103 SC Code of Laws)

MV 25

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | <u>2015CV1010601156</u> |
| | ) | CIVIL CASE NUMBER |
| **COUNTY OF CHARLESTON** | ) | |
| | ) | **IN THE MAGISTRATE'S COURT** |
| | ) | |
| | ) | **ANSWER** |

Mark Fitzhenry
10 Brigadier Drive
Charleston, SC 29407
(843) 209-0278
_____
**PLAINTIFF(S)**

Vs                                                    **AGENT**

Receivables Performance                    **Andrew Shafer**
Management, LLC
                                                       999 3rd Avenue Ste. 2525
_____  Seattle, WA 98104
**DEFENDANT(S)**

On _____ I was served with a Complaint requiring me to answer within thirty days from the date of service. My Answer, which is hereby filed with the **Charleston County Summary Court,** is as follows:

CHECK ONE:

A. ☐ I contest the jurisdiction of the court based on the following: (use additional pages if necessary)
_____
_____
_____

B. ☐ I admit everything in the complaint and do not want a trial.
C. ☐ I admit that I am responsible, but not for the total amount claimed by the Plaintiff(s) because: (use additional pages if necessary) _____
_____
_____

D. ☐ I deny that I am responsible at all because: (use additional pages if necessary)
_____
_____

<u>**YOU MUST FILE THIS DOCUMENT WITH THE COURT WITHIN THIRTY DAYS**</u>

THE DEFENDANT/PLAINTIFF STATES THAT THE INFORMATION CONTAINED IN THIS ANSWER IS TRUE AND CORRECT TO THE BEST OF HIS/HER KNOWLEDGE.

DATED: _____

_____
SIGNATURE OF DEFENDANT(S) (OR ATTORNEY)

**IF MORE THAN ONE DEFENDANT, ALL MUST FILE ANSWER**

**PLEASE RETURN TO:**

**Small Claims - City**
**995 Morrison Drive, P. O. Box 941**
**Charleston, SC 29403**
**Phone: (843) 724-6720**

MV 2

# EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
01/19/2016
CT Log Number 528493148

TO:     Mark Case
        Receivables Performance Management, LLC
        20816 44th Ave W Unit Main
        Lynnwood, WA 98036-7744

RE:     **Process Served in South Carolina**

FOR:    Receivables Performance Management LLC  (Domestic State: WA)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Mark Fitzhenry, etc., Pltf. vs. Receivables Performance Management LLC and John Doe, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Amended Summons, Verified Complaint, Verification, Amended Answer |
| **COURT/AGENCY:** | Charleston County Small Claims Court, SC<br>Case # 2015CV1010601156 |
| **NATURE OF ACTION:** | Plaintiff sustain damages and demand a judgment against defendant for violation of the telephone consumer protection act |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Columbia, SC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/19/2016 postmarked: "Illegible" |
| **JURISDICTION SERVED :** | South Carolina |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the first day after receipt of this summons |
| **ATTORNEY(S) / SENDER(S):** | Mark Fitzhenry<br>10 Brigadier Drive<br>Charleston, SC 29407<br>843-209-0278 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 782202600405<br><br>Image SOP<br><br>Email Notification,  Andrew Shafer  ashafer@sksp.com<br><br>Email Notification,  Brian Carpenter  bcarpenter@sksp.com<br><br>Email Notification,  Mark Case  mcase@receivablesperformance.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | CT Corporation System<br>2 Office Park Court<br>Suite 103<br>Columbia, SC 29223<br>404-965-3840 |

Page 1 of  1 / RS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This Information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



U.S. POSTAGE PAID
CHARLESTON, SC
29407
JAN 13 16
AMOUNT
$6.96
R2303S100888-12

1000

**CERTIFIED MAIL**

7005 0390 0004 6182 2665

CHARLESTON SC 294
11 JAN 2016  PM 2 T

Mark Fitzhenry
10 Brigadier Dr.
Charleston, SC 29407

CT CORPORATION SYSTEM
2 OFFICE PARK CT.
SUITE 103
COLUMBIA, SC 29213

RETURN RECEIPT
REQUESTED

29223+5948

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | 2015CV1010601156 |
| | ) | CIVIL CASE NUMBER |
| COUNTY OF CHARLESTON | ) | |
| | ) | IN THE MAGISTRATE'S COURT |
| | ) | |
| | ) | AMENDED SUMMONS |

Mark Fitzhenry
10 Brigadier Drive
Charleston, SC 29407
(843) 209-0278

PLAINTIFF(S)

Vs                                                    AGENT

Receivables Performance Management, LLC        C T Corporation System
2 Office Park Court Ste.103
Columbia, SC 29211

DEFENDANT(S)

### TO THE DEFENDANT(S) NAMED ABOVE:

**YOU ARE SUMMONED** and required to Answer the allegations and present any appropriate Counterclaims/Crossclaims to the attached Complaint/Counterclaim within THIRTY days from the first day after receipt of this Summons. Your Answer must be received by the:

**Charleston County**
**Small Claims – City**
**995 Morrison Drive P. O. Box 941**
**Charleston, SC 29403**
**Phone: (843) 724-6720 Fax: (843) 724-6785**

If you fail to Answer within the prescribed time, a Judgment by Default will be rendered against you for the amount or other remedy requested in the attached Complaint, plus interest and costs. **If you desire a jury trial, you must request one within five (5) business days before the date of trial.** If no jury trial is timely requested, the matter will be heard and decided by the Judge.

# READ ATTACHED INSTRUCTIONS CAREFULLY

January 13, 2016

MV 38

## IN THE CHARLESTON COUNTY SMALL CLAIMS COURT

MARK FITZHENRY, individually,

       Plaintiff

vs.

RECEIVABLES PERFORMANCE
MANAGEMENT LLC, and JOHN DOE, whose
true identity is unknown,

       Defendant.

Case No. 2015cv1010601156

**FIRST AMENDED
VERIFIED COMPLAINT**

FILED IN CHARLESTON COUNTY

JAN 1 3 2016

CITY SMALL CLAIMS COURT

**ADDRESS FOR REGISTERED AGENT FOR DEFENDANT RECEIVABLES
PERFORMANCE MANAGEMENT LLC,:**

C T CORPORATION SYSTEM
2 OFFICE PARK COURT
STE. 103
COLUMBIA, SC 29211

**ADDRESS FOR DEFENDANT JOHN DOE:**

Unknown.

### PLAINTIFF'S COMPLAINT

#### Preliminary Statement

The Plaintiff Mark Fitzhenry ("Plaintiff") individually, alleges on personal knowledge

and on information and belief as follows:

### NATURE OF ACTION

1.    During October and November, 2015, Defendant RECEIVABLES

PERFORMANCE MANAGEMENT LLC, (hereinafter, "RPM") and/or JOHN DOE, or others

acting on behalf of Defendants, initiated a series of calls to Plaintiff's cellular telephone line

using an automatic telephone dialing system and/or prerecorded message without having first

obtained for themselves Plaintiff's prior express written consent.

2.    The calls were initiated with an automatic telephone dialing system to a cellular

telephone line subscribed to by the Plaintiff, (843) 209-0278.

3.    The alleged call(s) violate the Telephone Consumer Protection Act, 47 U.S.C. §

227 *et seq.* (hereinafter referred to as the "TCPA") and the FCC's regulations prohibiting such

call(s) at 47 CFR 64.1200(a)(1)(iii).

4.    This case involves a scheme by Defendants RPM, to market their services by

calling, or causing JOHN DOE to call the Plaintiff's cellular telephone line with an automatic

telephone dialing system and/or to deliver a prerecorded or artificial voice messages through the

use of an automatic telephone dialing system without having first obtained the Plaintiff's prior

express written consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227

*et seq.*

5.    Plaintiff brings this action for statutory damages and injunctive relief under the

TCPA, all arising from the illegal actions of the Defendants.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction. The Plaintiff is entitled to up to

$1,500.00 in statutory or trebled damages for each call that has violated the TCPA.

7.    This Court has personal jurisdiction over Defendants RPM and/or JOHN DOE as

they have engaged in a joint venture designed to solicit consumers in the state of South Carolina

and, as such, Defendants have established minimum contacts showing they purposefully availed

themselves to the resources and protection of the State of South Carolina.

8.    This Court has personal jurisdiction over RPM and/or JOHN DOE because the

conduct at issue in this case occurred in South Carolina, through the making of call(s) to a

cellular telephone using an automatic telephone dialing system and/or the delivery of text

message(s), and, thus, constitutes the conduct of business in this State.

## PARTIES

9.      Plaintiff Mark Fitzhenry is, and at all times mentioned herein was, an individual

citizen of the State of South Carolina.

10.    Defendant RECIEVABLES PERFORMANCE MANAGEMENT LLC, is registered as

Washington state limited liability company.

11.    The Defendants initiated or caused others to initiate to his cell phone, FIVE (5) or

more calls made by an automatic telephone dialing system.

12.    Upon receiving the calls complained of herein, the Plaintiff did not know who

was calling his cell phone or the purpose of the calls.

13.    The calls did not include clear, proper identification and the Plaintiff tried to

positively identify the source of the calls.

14.    Defendant RPM is a seller of goods or services that call(s), or caused others such

as JOHN DOE to call on their behalf, South Carolina telephone consumers with automatic

telephone dialing systems and/or text messages without having first obtained prior express

written consent from the called party.

15.    Defendant RPM failed to adequately and effectively police and/or monitor their

own telemarketing efforts or practices or the telemarketing efforts or practices of a third party

telemarketer such as JOHN DOE.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
## (TCPA), 47 U.S.C. § 227

16.    On January 4, 2008, the FCC released a Declaratory Ruling wherein it affirmed

that "a company on whose behalf a telephone solicitation is made bears the responsibility for any

- 3 -

violations." *Id.* (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. 227(b)).

17.    The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears responsibility for any violations." *See* FCC Declaratory Ruling, Memorandum and Order, 10 FCC Rcd. 12391, 12397 (¶ 13) (1995).

18.    RPM and/or JOHN DOE, made the autodialed and/or text message call(s) described herein "on behalf of" Defendants within the meaning of the 2008 FCC Declaratory Ruling and subsequent rulings.

19.    Defendant RPM is legally responsible for policing and/or monitoring their own telemarketing efforts or those of a third party telemarketer such as JOHN DOE and ensuring that they complied with the TCPA, even if one of the named Defendants did not make the call(s).

## FACTUAL ALLEGATIONS RELATING TO THE DEFENDANTS' CALLS TO PLAINTIFF'S CELL PHONE

20.    Plaintiff Fitzhenry is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

21.    On October 19, 2015 at approximately 9:33 AM, the Plaintiff received a call to his cellular telephone, (843) 209-0278, using an automatic telephone dialing system without the calling party first having obtained his prior express written consent.

22.    On October 21, 2015 at approximately 9:51 AM, the Plaintiff received call to his cellular telephone, (843) 209-0278, using an automatic telephone dialing system without the calling party first having obtained his prior express written consent.

23.    On October 23, 2015 at approximately 9:46 AM, the Plaintiff received call to his cellular telephone, (843) 209-0278, using an automatic telephone dialing system without the calling party first having obtained his prior express written consent.

24.    On October 27, 2015 at approximately 9:55 AM, the Plaintiff received a call to his cellular telephone, (843) 209-0278, using an automatic telephone dialing system without the calling party first having obtained his prior express written consent.

25.    On October 31, 2015 at approximately 1:56 PM, the Plaintiff received a call to his cellular telephone, (843) 209-0278, using an automatic telephone dialing system without the calling party first having obtained his prior express written consent.

26.    Plaintiff did not provide prior express written consent to Defendant RPM, or any other entity or affiliate of Defendant RPM, to initiate the phone call(s) made through the use of an automatic telephone dialing system to initiate a call(s) his cellular telephone line.

**The Defendants' Marketing Scheme**

27.    RPM or JOHN DOE make or caused other third party telemarketer(s), to deliver automatically dialed calls, prerecorded or artificial voice messages, and/or text message(s) to Plaintiff's cellular telephone line for Defendants' benefit and/or on Defendants' behalf.

28.    In the call(s) complained of herein, Defendants, or a third party acting on behalf of and for the benefit of Defendants, initiated text message(s) and or call(s) using an automatic telephone dialing system to Plaintiff's cellular telephone line.

## CAUSES OF ACTION

### FIRST COUNT

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

29.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

30.    Defendants did initiate, or cause to be initiated, FIVE call(s) to the Plaintiff's cellular telephone line, using an artificial voice or prerecorded message and/or automatic telephone dialing system without first obtaining Plaintiff's prior express consent, violating 47 CFR § 64.1200 (a)(1)(iii) .

31.    The foregoing acts and omissions of the Defendants constitute FIVE violation of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

32.    As a result of the Defendants' violations of 47 U.S.C. § 227 (b)(1)(A)(iii), Plaintiff is entitled to an award of $500 in statutory damages for FIVE call(s) in violation of the statute, pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

### KNOWING AND/OR WILLFUL VIOLATION OF THE TELEPHONE
### CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

33.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

34.    The foregoing acts and omissions of the Defendants constitute FIVE knowing and/or willful violation of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

35.    As a result of the Defendants' FIVE knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to the FCC's regulations at 47 U.S.C. § 227(b)(1)(A)(iii).

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff the following relief against the Defendants:

A.    Injunctive relief prohibiting such violations of the TCPA by the Defendants in the future;

B.    As a result of Defendants' statutory violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff seek for themselves $500 in statutory damages for each and every call that violated the TCPA, to be paid jointly and severally by the Defendants as a whole;

C.    As a result of the Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b), Plaintiff seeks treble damages, as provided by statute, of up to $1,500 for each and every call that violated the TCPA, to be paid jointly and severally by the Defendant;

D.    Such other relief as the Court deems just and proper.

Respectfully Submitted,
The 12th day of January, 2016

Mark Fitzhenry
Plaintiff, *Pro se*
10 Brigadier Drive
Charleston, SC 29407

-7-

## VERIFICATION

The undersigned states and swears that all the foregoing allegations are true and correct to the best of his knowledge and belief.

Mark Fitzhenry

Subscribed and sworn before me by Mark Fitzhenry on this the ⬠th day of January, 2016.

Notary Public for South Carolina
My commission expires on  2/25/2024

- 8 -

STATE OF SOUTH CAROLINA    )
                           )
COUNTY OF CHARLESTON    )
                           )
                           )
                           )

**2015CV1010601156**
CIVIL CASE NUMBER

**IN THE MAGISTRATE'S COURT**

**AMENDED ANSWER**

Mark Fitzhenry
10 Brigadier Drive
Charleston, SC 29407
(843) 209-0278
**PLAINTIFF(S)**

Vs

                                             **AGENT**

Receivables Performance Management, Llc        C.T.Corporation System
2 Office Park Court Ste. 103-
Columbia, SC 29211
**DEFENDANT(S)**

On _____ I was served with a Complaint requiring me to answer within thirty days from the date of service. My Answer, which is hereby filed with the **Charleston County Summary Court**, is as follows:

CHECK ONE:

        A. ☐ I contest the jurisdiction of the court based on the following: (use additional pages if necessary)

_____

_____

        B. ☐ I admit everything in the complaint and do not want a trial.

        C. ☐ I admit that I am responsible, but not for the total amount claimed by the Plaintiff(s) because: (use additional pages if necessary) _____

_____

        D. ☐ I deny that I am responsible at all because: (use additional pages if necessary)

_____

## YOU MUST FILE THIS DOCUMENT WITH THE COURT WITHIN THIRTY DAYS

THE DEFENDANT/PLAINTIFF STATES THAT THE INFORMATION CONTAINED IN THIS ANSWER IS TRUE AND CORRECT TO THE BEST OF HIS/HER KNOWLEDGE.

DATED: _____

_____
SIGNATURE OF DEFENDANT(S) (OR ATTORNEY)

**IF MORE THAN ONE DEFENDANT, ALL MUST FILE ANSWER**

## PLEASE RETURN TO:

**Small Claims - City
995 Morrison Drive, P. O. Box 941
Charleston, SC 29403
Phone: (843) 724-6720**

MV 2